IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00300-RJC
(3:06-cr-00216-RJC-3)

| | |
|---|---|
| MICHAEL ANTHONY CORNWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, and the Government's Motion for Summary Judgment. For the reasons that follow, the Motion for Summary Judgment will be granted and Petitioner's § 2255 Motion to Vacate will be denied and dismissed.

I.  BACKGROUND

Petitioner and others were indicted by the Grand Jury in this District on two counts of conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Counts 1 and 4); and two counts of possession with intent to distribute at least 500 grams of cocaine, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Counts 2 and 5). (3:06-cr-00216, Doc. No. 7: Superseding Indictment). Petitioner elected to proceed to trial and was found guilty by a jury on all four counts in his superseding indictment, and by their verdict, the jury found that as to each count it was reasonably foreseeable to Petitioner that 500 grams or more of cocaine was involved. (Id., Doc. No. 96: Jury Verdict).

In Petitioner's presentence report ("PSR"), the probation officer found a base offense level of 34 based on a finding that Petitioner was responsible for at least 15 but less 50 kilograms of cocaine pursuant to USSG § 2D1.1(c)(3) (2009). Based on a total offense level of 34 and a criminal history category III, Petitioner's Guidelines range was 188 to 235-months' imprisonment and he faced a statutory term of not less than 5 years nor more than 40-years in prison on each count of conviction pursuant to 21 U.S.C. § 841(b)(1)(B). (Id., Doc. No. 100: PSR). During sentencing, the Court found that the evidence presented at trial established by a preponderance of the evidence that Petitioner was responsible for more than 5 kilograms but less than 15 kilograms of cocaine which reduced his total offense level to 32 and his Guidelines range to 151 to 188 months' imprisonment. Petitioner was sentenced to a term of 180-months and he appealed. (Id., Doc. No. 114: Judgment).

On appeal, Petitioner raised two challenges that are pertinent to this collateral proceeding. First, Petitioner challenged the sufficiency of the evidence to support his convictions. Second, Petitioner argued that his Sixth Amendment right to have the jury determine the quantity of cocaine for which he was responsible was violated based on the Court's findings in establishing his Guidelines range. The Court rejected each of these contentions and affirmed his convictions and sentence. See United States v. Cornwell, 418 F. App'x 224 (4th Cir.), cert. denied, 131 S. Ct. 2473 (2011).

In this § 2255 proceeding, Petitioner raises several claims of ineffective assistance of counsel which will be examined herein.

II.     STANDARD OF REVIEW

    A.     Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

B. Summary Judgment

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance,

there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

   A.   Ground One

Petitioner first contends that his trial counsel was ineffective by failing to file a motion to suppress evidence obtained in a search of his businesses located at 8918 Mt. Holly Road and he insists that he repeatedly asked his counsel about the possibility of filing a motion to suppress, but counsel replied that there was nothing to be gained from such a motion because no evidence obtained during the search would be used at trial.[1] Petitioner also maintains that counsel should

---

[1] In the search warrant the businesses were identified as CMB Professional Services and Fast Track Automotive and Recovery.

have spoken with everyone that was present during the search of his businesses.[2] Finally, Petitioner contends that his counsel should have objected to introduction of testimony regarding the search and a ledger that was recovered from co-conspirator Randy Davis which detailed drug transactions with Petitioner. (3:12-cv-00300, Doc. No. 1-1 at 6-9).

During Petitioner's trial, the Government offered testimony from Officer Dan Kellough of the Charlotte-Mecklenburg Police Department ("CMPD") who worked in undercover drug operations. Officer Kellough testified that on September 18, 2006, he and other CMPD officers were working with a confidential informant ("CI") who set up a drug buy at a Cracker Barrel restaurant in Charlotte on September 18, 2006. As planned, Petitioner arrived at the prearranged buy in a vehicle driven by co-conspirator Corey Wilkes. After they arrived, Wilkes got out of his car and entered the CI's vehicle and delivered approximately a kilogram of cocaine which was later recovered from the CI's console in the vehicle. The officers also recovered a handgun and ammunition that was in Wilkes' possession. Both Petitioner and Wilkes were arrested and officers later obtained a search warrant for Petitioner's businesses on the strength of the evidence obtained following the September 18th bust.[3] The search yielded the recovery of documents and Officer Kellough was able to gain access to a safe in Petitioner's office through the use of a crow bar. Kellough testified that he detected the strong chemical odor of cocaine from within the safe and a K-9 unit was brought in and alerted to the scent of cocaine around the safe and in the service garage. (3:06-cr-00216, Doc. No. 106: Tr. Transcript Vol I at 45-46; Doc. No. 107: Tr. Transcript Vol II at 12).[4]

---

[2] This latter contention will be rejected because it is plainly without merit as Petitioner offers no argument regarding how such interviews could have aided in his defense.
[3] The September 18th deal was charged in Count 4 of Petitioner's superseding indictment.
[4] Testimony was also offered through Sergeant Dan Malone of the CMPD who was the handler of the K-9 during

5

In order to establish ineffective assistance in connection with a motion to suppress, a petitioner must establish that the motion would have been successful. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (holding no ineffective assistance of counsel because any motion to suppress was unlikely to prevail). In Petitioner's case, he fails to identify any "evidence" that he believed should have been suppressed thus this conclusory allegation of ineffective assistance will be denied. Put another way, Petitioner offers no evidence or reasoned argument that the search warrant was not validly obtained, particularly because it was obtained and executed shortly after his September 18th arrest, nor can he reasonably contend that the scope of the search exceeded the limits of the warrant. Moreover, the evidence of Petitioner's guilt as to the September 18th drug transaction was easily established by the evidence presented at trial through officers, accomplices and the CI thus any error in admission of testimony regarding the search of his businesses was harmless. Likewise, Petitioner's contention that counsel should have objected at trial to the introduction of testimony about the search is without merit as the evidence was relevant to the charges in his indictment. Finally, Petitioner's challenge that counsel was ineffective in failing to object to the introduction of evidence about Davis' ledger is without merit because this evidence, too, was relevant and reliable on the issues charged in the indictment.

B. Ground Two

Here, Petitioner generically contends that his counsel failed to investigate the facts or explain the strength of the Government's evidence against him. Petitioner also complains that

---

the search of Petitioner's businesses.

counsel did not properly explain the contents of the proposed plea agreements including the applicability of the Sentencing Guidelines or what defenses he could have presented at sentencing if had pleaded guilty. (3:12-cv-00300, Doc. No. 1-1 at 10-12).

With regard to the first contention, the Court finds that Petitioner's counsel was well prepared for trial and prevented a vigorous defense in the face was what simply overwhelming evidence of Petitioner's guilt. And Petitioner's contention that he did not appreciate the strength of the Government's evidence is belied by the fact that he was apprised of the charges in the indictment during his initial appearance and the potential penalties of no less than five nor more than 40 years in prison and he was provided with a copy of the indictment, and the information regarding the charges and penalties was repeated by the court during his arraignment. This contention is particularly undermined by the fact that Petitioner was well aware that he was negotiating drug deals and appearing in public to close the deals thus he, as much as anyone, had sufficient information regarding the Government's evidence.

Petitioner's argument concerning ineffective assistance of counsel during plea negotiations fares no better. It is apparent from Petitioner's arguments that his counsel did advise him to accept a plea agreement with the Government and correctly informed him that he faced a statutory term of no less than five years nor more than 40-years' imprisonment. In addition, any promise of a particular Guideline sentence would have been addressed by the court during a Rule 11 hearing and Petitioner would have first been informed of the statutory terms of imprisonment, as his attorney correctly did, and of the fact that any projected Guidelines sentence would not be binding during sentencing. Further, Petitioner's counsel was granted a continuance of Petitioner's trial based on his contention that plea negotiations were diligently proceeding with

the Government, however it is apparent that Petitioner refused to enter into a plea agreement. (3:06-cr-00216, Doc. No. 87: Motion to Continue; Doc. No. 88: Order).

In sum, Petitioner's claims here that he would have pleaded guilty rings hollow for among other reasons, his protestations of his innocence continued throughout his case and to the eve of his trial when Petitioner's motion to continue the trial to secure new counsel was denied. In denying the motion, the Court repeatedly informed Petitioner that he had only two choices: proceeding to trial with counsel of record, Mr. Michel, or pleading guilty. Yet, Petitioner was steadfastly silent on the issue of pleading guilty. This insistence that he was not criminally responsible even continued to the day of his sentencing as evidenced by Petitioner's letter to the Court in which he proclaimed his innocence. (Id., Doc. No. 108: Defendant's Letter).

Lastly, Petitioner's contention that he would have pleaded guilty if he had been offered a sentence at the low end of the Guidelines range, which he asserts was 57 to 71 months, finds no support in the record and Petitioner himself offers no reasonable support for this assertion. The information presented by the Government, in the form of a steady string of email correspondence between his trial counsel and the Government prior to trial, which Petitioner cannot reasonably challenge, demonstrates extensive plea negotiations and offers that were rebuffed by Petitioner. (3:12-cv-00300, Doc. No. 5-2). In fact, it appears that the best offer presented by the Government was 78 to 97 months' imprisonment and Petitioner offers no evidence to the contrary. In fact, Petitioner's argument regarding plea negotiation fails, at a minimum, because he declares that he received a five-year offer from the Government but inexplicably, he does not explain why he did not accept it thus he cannot maintain that no acceptable offers were secured by his counsel. (3:12-cv-00300, Doc. No. 1-1 at 14 ¶ 39).

8

C.     Ground Three

In this claim, Petitioner again generically challenges his trial counsel's performance by contending that he failed to research available defenses and failed to properly challenge improper evidence at trial. (3:12-cv-00300, Doc. No. 1-1 at 15). These arguments will be denied for the reasons previously given, namely, that it does not appear from the record that his counsel failed to adequately challenge the Government's evidence, and as this Court found, and as the Fourth Circuit concluded, the jury's finding of guilt was not reasonably subject to question based on the evidence.

Petitioner also argues that his appellate counsel, who also served as his trial counsel, provided ineffective assistance and that he was prejudiced on appeal as a result. The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

9

Petitioner argues that on appeal his counsel should have challenged Davis' credibility as a witness; contested the strength of the evidence at trial; and contested the drug amounts for which he was held responsible. First, counsel did challenge Davis' credibility at trial and any appellate challenge on this issue would likely have been soundly rejected. Second, Petitioner challenged the evidence to support Petitioner's convictions, first through unsuccessful Rule 29 motions at trial, and on appeal and the Circuit Court rejected this challenge. Third, appellate counsel raised a challenge to the drug amounts found by the Court and this argument was likewise denied.

D.  Motion to strike

Petitioner again argues that he should be entitled to relief from his sentence because the Court invaded the province of the jury in finding the drug amounts attributable to him. Petitioner cites the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013). (3:12-cv-00300, Doc. No. 15: Motion to Strike).[5]

In Alleyne, the defendant was convicted by a jury of robbery affecting interstate commerce, among other offenses, in violation of 18 U.S.C. 1951(a), and using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).[6] The probation officer prepared a presentence report and recommended a seven-year sentence based on a finding that Alleyne brandished the firearm during the robbery. Alleyne objected contending that

---

[5] Petitioner moves to strike his Motion to Amend, (Doc. No. 11), and his Motion to Supplement, (Doc. No. 13). Petitioner asserts that his citation of additional authority is sufficient to present his argument regarding drug quantity. (Id., Doc. No. 14: Citation of Additional Authority; Doc. No. 15: Motion to Strike).The Court grants the motion to strike.

[6] Section 924(c)(1)(A) provides for a term of five years in prison upon conviction which increases to seven years if the defendant brandished the firearm during the underlying offense, and increases to ten years if the firearm was discharged during the commission of the offense.

the jury verdict form made it plain that they did not find beyond a reasonable doubt that he brandished the firearm during the robbery. The sentencing court overruled Alleyne's objection after concluding that whether he brandished the firearm was a question of fact to be resolved by the court in determining the applicable enhancements under the Guidelines, citing Harris v. United States, 536 U.S. 545 (2002). In Harris, the Court held that there was no Sixth Amendment violation of a right to a jury trial when a sentencing court found facts that increased the defendant's mandatory minimum sentence for a crime. Alleyne, 133 S. Ct. at 2155. In overruling Harris, the Alleyne Court found that the Sixth Amendment right to a jury trial was violated because "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id.

Petitioner's argument fails here because even if Alleyne were applicable to his case, which it is not, it is of no moment because that decision has not been made retroactive on collateral review. See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (citing United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2014). See also United States v. Stewart, 540 Fed. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (noting that Alleyne has not be made retroactive to cases on collateral review). See also United States v. Benn, 572 F. App'x 167, 179 (4th Cir. 2014) (unpublished) (rejecting Alleyne-based challenge to calculation of drug quantities to calculate Guidelines range when quantities do not affect mandatory minimum); United States v. Ramirez-Negron, 751 F.3d 42, 48 (1st Cir. 2014) (same).

For these reasons, the Court finds that Petitioner's contention that his counsel was ineffective in challenging drug quantity is without merit.

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that:

1.      Respondent's Motion for Summary Judgment is **GRANTED**. (Doc. No. 6).

2.      Petitioner's Motion to Strike is **GRANTED**. (Doc. No. 15).

3.      Petitioner's Motion to Amend, (Doc. No. 11), and his Motion to Supplement (Doc. No. 13), are **STRICKEN**.

4.      Petitioner's § 2255 Motion to Vacate is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

5.      Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 26, 2015

Robert J. Conrad, Jr.
United States District Judge